-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JULIO A. ESQUER A/K/A LUIS D. ANDRADE,

        Plaintiff,

   -v-

RICHARD MAY, CCA 1200 Correction Counselor;
US MARSHAL FEDERAL TRANSPORTATION,

        Defendants.

_____

12-CV-0163S
ORDER



Plaintiff, Julio A. Esquer, currently an inmate at the Arizona State Prison Complex, Eyman, Browning SMU II (Florence, Arizona), who had previously been convicted and sentenced in this Court under the name of Luis Andrade, had filed a complaint in this Court alleging that he had suffered a traumatic brain injury and appeared to be seeking relief related to his immigration status, namely removal (deportation) to Mexico. Because a large portion of the complaint was written in Spanish, it was difficult for the Court to translate and decipher the true nature of plaintiff's claims and the relief he was seeking, including whether plaintiff was seeking damages for the brain injury suffered under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or whether he was seeking relief in the form of a petition for a writ of habeas corpus related to his immigration status or whether the complaint was actually a motion related to his conviction in this Court. The Court, therefore, directed plaintiff to file an amended complaint in English, which set forth factual allegations relating to, at the least, the following: (1) the basis of jurisdiction and venue in this Court; (2) the factual nature and basis of plaintiff's claim--*i.e.*, was he claiming that (i) the defendants were responsible for his traumatic brain injury, (ii) he was not

receiving proper medical treatment while in state custody in Arizona, (iii) the United States Marshals Service or some other federal agency or agents violated his rights by transferring him to Arizona rather than removing him to Mexico upon his release from federal custody at the Federal Correctional Institution at Raybrook, New York, or (iv) was he seeking to challenge his prior conviction in this Court; (3) the name(s) of the defendant(s) who he claimed violated his rights or engaged in some actionable misconduct giving rise to the claims alleged; and (4) the injury or harm suffered as a result of the claims alleged and the relief being sought in this action. In other words, the Court directed that plaintiff must state in English what his claims were and who they were against. (Docket No. 3, Decision and Order, at 3-4.)

In response to the Order, plaintiff filed an amended complaint and motion for appointment of counsel. (Docket No. 5 and 6, respectively.) While plaintiff was forwarded a *pro se* prisoner civil rights complaint form adopted by the Court, he filed his amended complaint on a hand-written document that resembles, in part, a *pro se* prisoner civil rights complaint form but not the one forwarded to him. The amended complaint indicates in the caption that this is an action being brought in the United States District Court for the District of Arizona, that it is a civil action brought under 28 U.S.C. § 1331 and *Bivens*, and that the "Institution/City where the violation occurred is the "West District of Buffalo[,] New York." (Docket No. 5, Amended Complaint.) The defendants appear to be a Richard May, who plaintiff states is employed as a Correction Counselor at Correction Corporation of America (CCA), presumably in Florence, Arizona, and "US Marshal Transportation."

"Count I" of the amended complaint states that the constitutional bases of plaintiff's claims are violations of the "VI Amendment . . . right to due process access to court

proceedings[;] Amendment VIII Cruel and [Un]usual punishment; XIV Right to Equal [Protection,] the right to be treated equal[;] and V Due Process." (Amended Complaint, Count I, ¶ 1.) When asked to state the "supporting facts" plaintiff states that he is "claiming that the United States [Marshals] or some other federal agency violated my rights by not transferring [me] and get[ting me] deported to Mexico. I now . . . am [too] sick to travel to Mexico. . . . (*Id.*, at Count I, ¶ 3.) When asked how he was injured by the defendants actions or inactions, plaintiff alleges the he suffers from seizures caused by a car accident that occurred back in December 2008, while he was self-employed as a landscaper, presumably in Arizona. He claims that the seizures and other ill-effects from the accident–*e.g.*, hearing loss and a permanent limp–are "terrifying" and that he needs life-time medical care. (*Id.*, Count I, ¶ 4.)

In an additional paragraph "1" of the amended complaint, plaintiff indicates or appears to indicate that he was not claiming that he is not receiving proper medical care at the Arizona State Prison Complex–although that appears wholly inconsistent with a later filed "Amended Complaint," which the Court docketed as a Supplement to Amended Complaint (Docket No. 8), and is most likely an error caused by plaintiff's difficulty with the English language–and that he is claiming that the Marshals Service or "some other federal agency violated [his] rights by not transferring [him] and get [him] deported to Mexico Sept 20, 2008, when [he] got released from CCA-Florence, AZ. I got released like a United States Citizen." He claims that he is now too disabled to travel to Mexico. He requests $3.5 million in damages for mental anguish and punitive damages and claims that he will "soon be on the street, free to access to the kind of care and specialists [he] need[s] to

have a complete recovery . . . ." He further notes that he has been treated for a traumatic brain injury and that "society [needs] to recognize [that] Federal made a mistake." (Docket No. Amended Complaint.)

The Supplement to the Amended Complaint (Docket No. 8) is in the form of a letter to the Court's Senior Pro Se Staff Attorney and labeled "Amended Complaint," and states, *inter alia*, that plaintiff "[is] claiming that he has not received proper medical treatment while in custody. The United States Marshals Service or some other federal agency violated my rights. We all hope that I will soon be on the street, free to access the kind of care and specialists I need to have a complete recovery. . . . A good doctor can help. I have sufficient factual allegations until federal service accepts this and recognizes they made a mistake with this immigrant. . . . I need medical attention if I suffer seizures they don't care. . . ." (Docket No. 8.) The letter continues on to request that an attorney be appointed and that the Court provide plaintiff with an update on a hearing that he mistakenly believes took place in relation to this matter. There has been no hearing. Attached to the letter is a Form Arizona Department of Corrections Health Needs Request, wherein in plaintiff states he needs proper medical attention for his emergency seizures as soon as possible. The Request is dated July 18, 2012.

As broadly construed, *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a *pro se* plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they could suggest' ") (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), it appears that plaintiff is alleging that rather than being released in 2008 in Arizona or transferred to Arizona by the United States Marshals Service or some other agency, he should have been deported to Mexico where he would be with his family

4

but now that he is disabled due to the car accident and brain injury he cannot travel to Mexico when released from his current custody in the Arizona State Prison Complex, Eyman, in Florence, Arizona. He also appears to be claiming, as set forth as clearly as he can in the Supplement to Amended Complaint, that he is not receiving adequate medical treatment by the Arizona Department of Corrections.

It thus appears that this action should not have been brought in this District and should be transferred to the District of Arizona. See 28 U.S.C. §§ 1391(b) & 1406(a) (providing that, in the interest of justice, a district court may transfer a case to cure improper venue to any district or division in which the case could have been brought). Not only does plaintiff claim that he was mistakenly released in Arizona rather than being deported; that one of the defendants, Richard May, is employed by Correction Corporation of America, Florence, Arizona; and that he is not receiving proper medical treatment for his seizures at the Arizona Department of Corrections Prison Complex, Eyman, where he is incarcerated currently, but the caption of the Amended Complaint is stated as: "In the United States District Court For the District of Arizona."

"The threshold inquiry [under 28 U.S.C. § 1406(a)] . . . is for the Court to determine whether the case is indeed in the "wrong" district, as that phrase is used in the statute." SST Global Technology LLC v. Champman, 270 F. Supp. 2d 444, 452 (S.D.N.Y. 2003); see, e.g. Barrow v. Fischer, 2010 WL 1544613, at * 2 (W.D.N.Y. April 15, 2010) (transferring venue of prison civil rights action under § 1406(a) where action was brought in wrong district). Based on the allegations summarized above, as difficult as they may to understand fully, there is no basis under § 1391(b) for this action to have been brought in this District and, therefore, the Court finds that in the interest of justice this action should

be transferred to the District of Arizona, not only a district in which the case could have been brought based on the allegations that plaintiff is not receiving proper medical attention at a correctional facility within the Arizona Department of Corrections, but where plaintiff may have intended the case to be brought in the first instance. Accordingly,

IT HEREBY IS ORDERED, that this matter is transferred to the United States District Court for the District of Arizona. The court has left the plaintiff's motion for the appointment of counsel for the transferee court.

SO ORDERED.

DATED: 9/19, 2012
Buffalo, New York

_____
JOHN T. CURTIN
United States District Judge